UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | | |
|---|---|---|
| THOMAS EDWARD KOTEWA | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | 3:10-cv-006 |
| | ) | *Phillips* |
| | ) | |
| JOSEPH EASTERLING, Warden, | ) | |
| | ) | |
| Respondent. | ) | |


**MEMORANDUM**


This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by

petitioner Thomas Edward Kotewa ("Kotewa"). The matter is before the court on the motion

for summary judgment filed by the Tennessee Attorney General on behalf of the respondent

and petitioner's response thereto, and Kotewa's motions for leave to file an amended habeas

petition and to hold the habeas petition in abeyance. For the following reasons, the motion

to file an amended habeas petition [Court File No. 20] and the motion to hold the petition in

abeyance [Court File No. 21] will be **DENIED**, the motion for summary judgment [Court

File No. 13] will be **GRANTED**, the petition for the writ of habeas corpus will be **DENIED**,

and this action will be **DISMISSED WITH PREJUDICE**.

I.    Standard of Review

A state prisoner is entitled to habeas corpus relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Under Rule 8 of the Rules Governing Section 2254 Cases In The United States District Courts, the court is to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If no hearing is required, the district judge is to dispose of the case as justice dictates. If the record shows conclusively that Kotewa is not entitled to relief under § 2254, there is no need for an evidentiary hearing and the petition should be denied. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.   Factual Background

The respondent has provided the court with copies of the relevant documents as to Kotewa's post-conviction proceedings. [Court File No. 12, Notice of Filing Documents, Addenda I-II]. Kotewa pleaded guilty to second degree murder in return for an agreed-upon sentence of fifteen years. He subsequently filed a petition for post-conviction relief, in which he asserted various claims of ineffective assistance of counsel, as well as trial court error and that his guilty plea was not knowingly and voluntarily entered. The post-conviction petition was denied after an evidentiary hearing, and the Tennessee Court of Criminal Appeals affirmed. *Kotewa v. State*, No. E2007-02193-CCA-R3-PC, 2009 WL 1635177 (Tenn. Crim.

App. June 11, 2009) [Addendum II, Doc. 3], *perm. app. denied, id.* (Tenn. Oct. 19, 2009)

[Addendum II, Doc. 6].

The Tennessee Court of Criminal Appeals summarized the history of Kotewa's guilty

plea and post-conviction proceedings as follows:

> This case concerns the shooting death of the victim, LaShawn Terence Mims. Two witnesses identified the petitioner as the shooter, and the petitioner admitted to police that he shot the victim. The petitioner pled guilty on November 6, 2006, in exchange for a sentence of fifteen years. He filed a *pro se* petition for post-conviction relief on January 26, 2007. He filed an amended petition on February 14, 2007, after which the post-conviction court appointed counsel. Another amended petition was filed on April 9, 2007, with the assistance of counsel. The trial court held an evidentiary hearing on September 21, 2007, and denied the petition for post-conviction relief on September 24, 2007. This appeal followed.
>
> In his initial petition for post-conviction relief, the petitioner alleged that counsel rendered ineffective assistance and that he did not understand the nature of his plea. In his first amended petition, the petitioner alleged that the indictment against him was void due to the absence of an allegation of "malice aforethought." Post-conviction counsel again amended the petition to include the additional claims that counsel had been ineffective for failing to pursue discovery, interview witnesses, pursue a valid defense, investigate the petitioner's competence and that "11th hour" counsel was ineffective.
>
> The petitioner was represented by two attorneys during the course of his prosecution. "Counsel" represented the petitioner from May 9, 2006, until November 6, 2006. The petitioner entered his guilty plea on November 6, 2006, but was not represented by Counsel when he entered his plea. Counsel met with the petitioner two or three times and spoke with him on the phone concerning his case. Counsel testified that he filed a motion for discovery and reviewed the State's file.
>
> Counsel testified that the petitioner's strategy changed on a weekly basis. Counsel said that the petitioner requested that he make several motion requests but would change his mind as to what he wanted filed. Counsel negotiated a guilty plea, which the petitioner agreed to enter only to attempt to raise an issue regarding his indictment via a petition for post-conviction

relief. Counsel advised the petitioner that, if he chose to pursue this strategy, he would have to do so with another attorney. Counsel moved to withdraw with the agreement of his client, the State, and the trial court. The order was entered on the day scheduled for the petitioner's plea hearing. The petitioner declined to postpone the plea hearing and entered the plea notwithstanding the appointment of new counsel.

"New Counsel" was appointed for the purpose of entering the petitioner's guilty plea. The petitioner and New Counsel met four days before the entry of his guilty plea. The petitioner did not raise any issues of a defective indictment with New Counsel. The petitioner only raised a concern about when he would be transferred to Michigan to serve an outstanding sentence. New Counsel testified that he would have gone to trial had the petitioner decided not to pursue a guilty plea.

Both attorneys testified that the petitioner appeared competent and participated in matters related to his defense. Prison records showed that the petitioner was prescribed Lexapro for depression. The petitioner claimed that his counsel refused to cooperate with him and acknowledged that he insisted on entering a guilty plea. The petitioner had seven prior convictions without a jury trial but claimed that he would not have pled guilty had counsel pursued his self-defense claim.

*Id.*, 2009 WL 1634177 at **1-2.

In support of his original petition for the writ of habeas corpus, Kotewa alleged the following five grounds for relief, as summarized by the court: (1) his right to due process was violated when the State failed to respond to each and every claim raised in his post-conviction petition, as required by the Post-Conviction Procedure Act; (2) his right to due process was violated when the trial court refused to allow him to call a witness during the evidentiary hearing, as required by the Post-Conviction Procedure Act; (3) his guilty plea was invalid; (4) he received the ineffective assistance of counsel; and (5) his right to due process was violated when the trial court failed to make specific findings of fact and

conclusions of law, as required by the Post-Conviction Procedure Act. The respondent contends he is entitled to judgment as a matter of law based on either procedural default, the findings of the Tennessee state courts, or because the claim is not cognizable in federal habeas corpus proceedings.

In his proposed amended petition, Kotewa seeks to add a claim that he is actually innocent of the crime for which he was convicted. He further alleges that the State withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and he asks the court to hold this action in abeyance while he seeks such exculpatory evidence to demonstrate his actual innocence. *See Mitchell v. Rees*, 114 F.3d 571, 579 n.12 (6th Cir. 1997) ("Briefly stated, a fundamental miscarriage of justice occurs when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent.") (citations omitted).

There is nothing in the record, however, to suggest that Kotewa is actually innocent of the killing of LaShawn Terence Mims or that the State withheld exculpatory evidence in violation of *Brady v. Maryland*. The court will not hold this case in abeyance while Kotewa goes on a fishing expedition. For that reason, his motions to amend the habeas petition and to hold the case in abeyance will be denied.

III.    Procedural Default

The doctrine of procedural default is an extension of the exhaustion doctrine.  A state prisoner's petition for a writ of habeas corpus cannot be granted by a federal court unless the petitioner has exhausted his available state court remedies.  28 U.S.C. § 2254.  This rule has been interpreted by the Supreme Court as one of total exhaustion.  *Rose v. Lundy*, 455 U.S. 509 (1982).  Thus, each and every claim set forth in the federal habeas corpus petition must have been presented to the state appellate court.  *Picard v. Connor*, 404 U.S. 270 (1971).  *See also Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987) (Exhaustion "generally entails fairly presenting the legal and factual substance of every claim to all levels of state court review.").  Moreover, the substance of the claim must have been presented as a federal constitutional claim.  *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

Kotewa cannot file another state petition for post-conviction relief.  Tenn. Code Ann. § 40-30-102(c).  Accordingly, he has no remedy available to him in the Tennessee state courts for challenging his conviction and is deemed to have exhausted his state remedies.

It is well established that a criminal defendant who fails to comply with state procedural rules which require the timely presentation of constitutional claims waives the right to federal habeas corpus review of those claims "absent a showing of cause for the non-compliance and some showing of actual prejudice resulting from the alleged constitutional violation."  *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977).  *Accord Engle v. Isaac*, 456 U.S. 107, 129 (1982) ("We reaffirm, therefore, that any prisoner bringing a constitutional claim

to the federal courthouse after a state procedural default must demonstrate cause and actual prejudice before obtaining relief.").

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court." *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991).

With respect to the validity of his guilty plea, Kotewa alleges that he only pleaded guilty because the prosecutor threatened to re-indict him for first degree murder if he did not plead to second degree murder and that he was misled into believing that he would be eligible for parole if he pleaded guilty to second degree murder. Kotewa also alleges that his plea was not voluntarily and knowingly made because he did not understand the nature of his plea, his constitutional protections, the essential elements of the offense, or the consequences of the plea.

On appeal from the denial of post-conviction relief, however, Kotewa alleged that "his guilty plea was not voluntary and knowingly entered, since [he] did not understand the nature of his constitutional protections and due to the defense team denying him an intelligent opportunity to go to trial." [Addendum II, Doc. 1, Brief of the Appellant, p. 22]. Kotewa also claimed that his guilty plea was not voluntary because he was not aware of the circumstance

and consequences of his plea, and because he was taking medication for a mental illness and thus did not understand the proceedings against him. [*Id*. at 25-27]. Based upon the foregoing, Kotewa has procedurally defaulted his claims that his guilty plea was the result of a threat to indict him for first degree murder and that he was misled into believing he would be eligible for parole.

IV.    Non-Cognizable Claims

The respondent contends that Kotewa's first, second, and fifth claims for relief, alleging violations of Tennessee's Post-Conviction Procedure Act as well as Rule 28 of the Rules of the Tennessee Supreme Court which governs said Act, are not cognizable in federal habeas corpus proceedings. This court agrees. Allegations regarding the failure of the trial judge to comply with state law requirements governing post-conviction proceedings are not of constitutional dimensions.

> Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding. Because there is no federal constitutional requirement that states provide a means of post-conviction review of state convictions, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition.

*Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990) (citations omitted). *See also Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986); *Williams v. State of Missouri*, 640 F.2d 140, 143 (8th Cir. 1981).

Because allegations regarding defects in post-conviction proceedings do not rise to the level of a constitutional violation, they are "not cognizable in a federal habeas corpus proceeding." *Spalla v. Foltz*, 788 F.2d 400, 405 (6th Cir. 1986). *See also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions"); *Lewis v. Jeffers*, 497 U.S. 764, 779 (1990) ("federal habeas corpus relief does not lie for errors of state law"); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."); *Sinistaj v. Burt*, 66 F.3d 804, 807 (6th Cir. 1995) ("Errors of state law alone cannot form the basis of relief under federal habeas corpus."); *Houston v. Dutton*, 50 F.3d 381, 385 (6th Cir. 1995) ("When and how state law applies to a particular case is a matter on which the state supreme court has the last word. No federal issues are implicated and no federal question is presented in determining whether a change in state law is to be applied retroactively.") (citation omitted). This court thus lacks jurisdiction to consider Kotewa's claims regarding his post-conviction proceedings.

V.    State Court Findings

Pursuant to 28 U.S.C. § 2254(d), Kotewa may not obtain federal habeas corpus relief with respect to a claim that was adjudicated on the merits in a state court proceeding unless the state court decision (1) was contrary to, or involved an unreasonable application of, clearly established federal law or (2) was not reasonably supported by the evidence presented to the state court.  In addition, findings of fact by a state court are presumed correct and Kotewa must rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e).  Kotewa has failed to rebut, by clear and convincing evidence, the findings of the state courts and they will be presumed correct by this court.

The Supreme Court, in *Williams v. Taylor*, 529 U.S. 362 (2000), clarified the distinction between a decision "contrary to," and an "unreasonable application of," clearly established Supreme Court law under § 2254(d)(1).  A state court decision is "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Id*. at 413.  A state court decision "involves an unreasonable application of clearly established Federal law" only where "the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409.  A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or

incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. In light of the foregoing, the court will consider Kotewa's remaining claims for relief.

VI.   Discussion of Claims on the Merits

*A. Voluntariness of Guilty Plea*

The United States Supreme Court has held that, prior to accepting a guilty plea, a state criminal court judge must affirmatively determine that the plea is "intelligent and voluntary." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). The judge must ensure that the defendant understands that he is waiving several federal constitutional rights: his right to a trial by jury, his right to confront the witnesses against him, and his privilege against self-incrimination. *Id*. at 243-44. The standard for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).

As noted previously, Kotewa claims that he did not understand the nature or consequences of his guilty plea. After an evidentiary hearing, the trial court concluded that Kotewa was not entitled to post-conviction relief. [Addendum I, vol. 2, Order Denying Post-Conviction Relief, pp. 125-26]. After reviewing the record, the Tennessee Court of Criminal Appeals agreed with the trial court:

Next, the petitioner argues that his guilty plea was involuntarily entered because he did not understand that he was pleading guilty to a knowing killing. This claim is based solely on his own testimony at the evidentiary hearing, which was discredited by the post-conviction court. As previously stated, the petitioner bears the burden of proving by clear and convincing evidence the factual allegations that would entitle him to relief. This court will not disturb the findings of fact entered by the post-conviction court unless the evidence preponderates against them. Witness credibility determinations rest within the sound discretion of the trial court.

Both of the petitioner's counsel testified that he insisted on entering a plea of guilty, and, at his plea colloquy, the petitioner affirmed that he was entering his plea both freely and voluntarily. He stated that he was familiar with the elements of the crime and that he understood his sentence. Again, the only evidence that he might not have understood what he was doing came from the petitioner. The petitioner has offered no evidence to discredit the determinations of the trial court, and he is not entitled to relief on this issue.

*Kotewa v. State*, 2009 WL 1635177 at *5 (internal citations omitted).

This court has reviewed the record of Kotewa's post-conviction proceedings. [Addendum I, Technical Record of Post-Conviction Proceedings (two volumes), Transcript of the Evidence (one volume), and Exhibits (one volume)]. The findings by the state courts are supported in the record.

At the time he entered his guilty plea, Kotewa acknowledged that counsel had explained the charge against him and explained all available defenses as well as the State's proof. [Addendum I, vol. 4, Exhibits, Transcript of Plea Hearing, pp. 3-4]. The court advised Kotewa of the rights he was waiving by pleading guilty. [*Id*. at 6-11]. The court verified that Kotewa understood his rights and understood the elements of second degree murder as well as the sentence he would receive and the State's proof. [*Id*. at 14-19, 24-28]. Kotewa stated that he was pleading guilty because he was in fact guilty. [*Id*. at 19].

Based upon the foregoing, the state courts' decisions that Kotewa's guilty plea was knowingly and voluntarily made were neither contrary to, nor did they involve an unreasonable application of, federal law as set forth in *Boykin*. Accordingly, Kotewa is not entitled to relief on this claim.

## B. *Effectiveness of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984) the Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Kotewa must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be

considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). A finding of serious attorney incompetence will not justify setting aside a conviction, however, absent prejudice to the defendant so as to render the conviction unreliable. *Id.* at 691-92.

The two-part test of Strickland also applies to ineffective assistance of counsel claims in cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52 (1985).

> We hold, therefore, that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson*, [411 U.S. 258 (1973)], and *McMann v. Richardson*, [397 U.S. 759 (1970)]. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Id.* at 58-59 (footnote omitted).

Kotewa alleges five instances of ineffective assistance of counsel: (1) counsel failed to have an evaluation of Kotewa's competency to state trial or plead guilty; (2) counsel failed to interview state and defense witnesses; (3) counsel had a conflict of interest; (4) counsel failed to file motions, especially a motion to suppress the statements of witnesses; and (5) counsel was not a conscientious advocate in that counsel failed to confer with Kotewa to gather information and prepare a defense, did not properly investigate the case, and did not prepare for trial. The state courts considered and rejected these claims.

In considering Kotewa's appeal from the denial of post-conviction relief, the Tennessee Court of Criminal Appeals first noted that *Strickland v. Washington* and *Hill v. Lockhart* established the standard for evaluating such claims. *Kotewa v. State*, 2009 WL 1635177 at *2.

With respect to Kotewa's claim that his competency should have been evaluated, the appellate court found as follows:

> Here, the petitioner contends that the post-conviction court should have found trial counsel ineffective for failing to properly inquire about the petitioner's competence at the time he insisted on entering a guilty plea. However, the petitioner presented no proof at his post-conviction hearing to demonstrate that he was not competent at the time of his plea. Counsel testified that the petitioner insisted on entering a plea throughout his representation, appeared to be in command of his faculties, and assisted in devising legal arguments and conducting legal research. The petitioner has not met his burden of demonstrating that he would not have entered his guilty plea if counsel had secured a mental evaluation for him.

*Id*. at *3.

With respect to the claim that counsel failed to interview witnesses, the court likewise found that this claim lacked merit.

> Next, the petitioner argues that Counsel was ineffective for failing to interview and investigate potential witnesses. However, the petitioner presented no witnesses at the evidentiary hearing. "When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." As a general rule, this is the only way the petitioner can establish that (1) a material witness existed who could have been discovered but for counsel's negligent investigation of the case; (2) a known witness was not interviewed; (3) the failure to discover or interview the witness caused him prejudice; or (4) the failure to present a known witness resulted in the denial of critical evidence which caused the petitioner prejudice. Neither the trial court nor this court can speculate on what a witness's testimony might have

been if introduced by counsel. The petitioner has not demonstrated that counsel was ineffective for failing to pursue potential witnesses because the petitioner failed to present any witnesses during the evidentiary hearing to support his position.

*Id.* (quoting *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990)) (internal citations omitted).

With respect to Kotewa's claim that counsel had a conflict of interest, the court analyzed and rejected that claim as well.

Next, the petitioner contends that he was denied effective assistance because Counsel had a conflict of interest. Specifically, he argues that a conflict of interest arose when Counsel decided not to advance a defense unsupported by the facts. A defendant who pleads guilty with the assistance of an allegedly conflicted attorney must still show ineffective assistance in a collateral attack. This court has previously held that the mere possibility of a conflict of interest does not raise the presumption of ineffective assistance of counsel. To obtain relief, a petitioner must show "an actual conflict adversely affected the counsel's performance." An actual conflict of interest exists when counsel cannot represent the petitioner without "compromising interests and loyalties.").

The conflict in the petitioner's case resulted from Counsel's refusal to comply with the petitioner's attempt to defraud the court. Counsel testified at the evidentiary hearing that the petitioner intended to plead guilty to an indictment that the petitioner felt was defective. Counsel advised the petitioner that any claim as to the validity of the indictment should be made at the first opportunity. The petitioner refused to raise a challenge and insisted on entering a plea. Counsel moved to withdraw from representing the petitioner as a result of the conflict. The petitioner was afforded the opportunity to continue his plea hearing but insisted on entering the plea. Here, the petitioner was not adversely affected by the conflict and is not entitled to relief on this issue.

*Id.* at **3-4 (quoting, respectively, *Cuyler v. Sullivan*, 466 U.S. 335, 350 (1980); *State v. White*, 114 S.W.3d 469, 476 (Tenn. 2001)) (internal citations omitted).

With respect to Kotewa's claim that counsel failed to file appropriate motions, the

court also concluded this claim lacked merit.

> Next, the petitioner argues that Counsel should have filed additional motions on his behalf. The testimony at the evidentiary hearing reflects that the petitioner asked Counsel to file several motions and then changed his mind about entering the motions. The requests varied from insistence on a plea to preparation for trial. The petitioner testified that he would not have entered his plea had these motions been filed. The post-conviction court did not accredit the testimony of the petitioner and specifically determined that it was not credible. In his brief, the petitioner mentions that Counsel had a duty to file motions to suppress confessions, suppress witness statements, and search for possible violations of his constitutional rights. However, he does not demonstrate that any of these motions would have been successful. They are merely allegations that the motions would have somehow altered the petitioner's decision to enter a guilty plea. The petitioner has not provided any support for his conclusion that Counsel was ineffective for failing to file additional motions. Therefore, the petitioner is not entitled to any relief on this issue.

*Id*. at *4.

Kotewa's fifth allegation of ineffective assistance of counsel, that counsel was not a

conscientious advocate, is a catch-all of his other claims, which were rejected by the

Tennessee Court of Criminal Appeals.  This court has reviewed the transcript of the

evidentiary hearing in Kotewa's post-conviction proceedings.  [Addendum I, vol. 3,

Transcript of the Evidence, pp. 1-141].  The findings by the state courts are supported in the

record.

Kotewa was represented in the trial court first by Michael Farley and then by James

Webster.  Mr. Farley testified at the evidentiary hearing that there was no reason to believe

Kotewa was not competent to enter his guilty plea.  [*Id*. at 32-33, 46].  Because the

prosecutor's office had an open file policy, Mr. Farley had read the statements of the witnesses and, based upon Kotewa's own statements to him, Mr. Farley did not see a need to interview the witnesses. [*Id*. at 40-41]. Mr. Farley also stated that Kotewa's claim of self defense was not supported by the facts and thus was not a defense that Mr. Farley would pursue. [*Id*. at 39-41, 45]. Mr. Farley likewise did not see the need to file a motion to suppress the witnesses' statements or any other motion. [*Id*. at 40-41]. Mr. Farley also testified that Kotewa insisted on pleading guilty as soon as possible based upon his plan to challenge the indictment in post-conviction proceedings. [*Id*. at 25-26]. Mr. Farley withdrew because he believed Kotewa's plan to be a fraud on the court as well as ill-conceived. [*Id*. at 26-29, 41-43, 58-59].

Mr. Webster was appointed as Kotewa's attorney for purposes of entry of the guilty plea. [*Id*. at 62]. Mr. Webster testified that there was no reason to believe that Kotewa was not competent to enter a guilty plea. [*Id*. at 70-71]. Mr. Webster further testified that Kotewa fully understood what he was pleading to and the constitutional rights he was giving up by pleading guilty. [*Id*. at 73-74].

Based upon the foregoing, this court concludes that the state courts' determinations that Kotewa received the effective assistance of counsel were neither contrary to, nor did they involve an unreasonable application of, federal law as established by the Supreme Court in *Strickland v. Washington* and *Hill v. Lockhart*. Kotewa is not entitled to relief on this claim.

VII.    Conclusion

The motions to file an amended habeas petition and to hold the petition in abeyance will be **DENIED**, respondent's motion for summary judgment will be **GRANTED**, the petition for habeas corpus relief will be **DENIED**, and this action will be **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. Kotewa having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure.  The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  The court will further **DENY** Kotewa leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

_____s/ Thomas W. Phillips_____
United States District Judge